Balfour v. Chicago City Ry. Co., 153 Ill. App. 259.

## Helen Balfour, Appellant, v. Chicago City Railway Company, Appellee.

### Gen. No. 15,002.

APPEALS AND ERRORS—*when manner of reading instructions will not be reviewed.* If complaint is made as to the manner in which the trial judge read instructions to the jury, the conduct of the judge in such regard must be shown by statements contained in the bill of exceptions and not by affidavits.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 17, 1910.

H. J. TONER, for appellant.

JOHN E. KEHOE and WATSON J. FERRY, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment for the defendant entered on a verdict of not guilty in an action on the case for personal injuries. Plaintiff was a passenger on an east-bound car on the Sixty-third street line of defendant and fell or was thrown from the front platform of the car as it was crossing South Park avenue, and thereby one of her legs was so injured that it became necessary to amputate it.

The negligence alleged in the first and third counts was the negligent operation of the car, whereby, etc.; that alleged in the second count was that the defendant having stopped said car at, etc., while the plaintiff was getting off from the car, negligently started the car, whereby, etc. An additional count alleged that it had been the custom of defendant to stop its east-bound Sixty-third street cars on the west side of South Park avenue; that three days before the accident that custom was changed, and said cars were

stopped thereafter only on the east side of said avenue; that defendant carelessly, etc., failed to notify plaintiff of such change, or to warn her against attempting to alight from the car on the west side of said avenue; that by reason of such negligence plaintiff, while preparing to leave said car and while in the exercise of due care, etc., was thrown from the car and injured, etc.

The bill of exceptions does not purport to set out, even in substance, the testimony of plaintiff or of any one of the several witnesses which it stated were called by her, or of any one of the several witnesses which it states were called by the defendant. It states that plaintiff gave evidence tending to prove certain facts, from which, it may be conceded, that the jury might properly find a verdict for the plaintiff, and then states that the defendant introduced evidence tending to prove that plaintiff was not in the exercise of ordinary care for her own safety, and that the defendant was not guilty of the negligence alleged in any count of the declaration.

The grounds of reversal urged are: First, that the court erred in giving certain instructions for the defendant, and, second, that the court erred in reading certain instructions for the defendant with emphasis and dramatic effect, etc.

The second ground of reversal cannot be considered because no fact is stated in the bill of exceptions to support it. It is true that an affidavit is incorporated into the bill of exceptions as to the manner in which the presiding judge read certain instructions. But we cannot look into an affidavit to determine what occurred on the trial of a case, but can look only into the statements of the bill of exceptions for that purpose.

Complaint is made of eleven of the instructions given for the defendant. We find nothing improper in any one of said instructions.

The judgment will be affirmed.

*Affirmed.*